# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY MCCULLOUGH, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JEFFERY DENNISON, ) <br> ALLAN J. BRUMMELL, ) <br> WEXFORD HEALTH SOURCE, ) <br> E. WILKIE, ) <br> K. SMOOT, and ) <br> SHERRY BENTON ) <br> ) <br> ) <br> Defendants. ) | Case No. 18−cv–1427−MJR |

## ORDER

Plaintiff seeks issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than fourteen days. (Doc. 2). The motion also requests a preliminary injunction, although this Order is intended only to address Plaintiff's request for a TRO. A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b). Without expressing any opinion on the merits of any of Plaintiff's other claims for relief, the Court concludes that a TRO should not issue in this matter.

Plaintiff seeks an order requiring Defendants to provide him with treatment for his eyes. (Doc. 2, p. 1). He alleges that he could be blind by the end of this lawsuit. *Id*. While that is a

grave allegation, it is not clear that Plaintiff draws a distinction between a preliminary injunction and a TRO. A request for a TRO is subject to a higher standard, and the Court finds that Plaintiff has not made the heightened showing required for one to issue. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. (Doc. 12, pp. 28-34). Plaintiff has also not provided any reason why notice should not be required in good faith.

Moreover, federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995); *Rizzo v. Goode*, 423 U.S. 362, 379 (1976) (noting that where a plaintiff requests an award of remedial relief that would require a federal court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of [such] relief.").

**IT IS THEREFORE ORDERED** that the request for issuance of a temporary restraining order is **DENIED**. Plaintiff's Motion is **DENIED in part**. (Doc. 2). To the extent the motion requests a TRO, it is denied; but Plaintiff's request for a preliminary injunction remains pending.

**IT IS SO ORDERED.**

**DATED: July 25, 2018**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**
