IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY MCCULLOUGH, SR., )
                                                 )
           Plaintiff, )
                                                 )
vs. ) Case No. 18−cv–1427−MJR
                                                 )
JEFFERY DENNISON, )
ALLAN J. BRUMMELL, )
WEXFORD HEALTH SOURCE, )
E. WILKIE, )
K. SMOOT, and )
SHERRY BENTON )
                                                 )
           Defendants. )

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Timothy McCullough, an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests damages and injunctive relief for deliberate indifference. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

Plaintiff alleges that he takes psychotropic medication that causes blood from his kidneys to enter his urine. (Doc. 1-1, p. 4). Plaintiff informed Defendants of these side effects, but they increased the dosage and gave him a second harmful psychotropic medication. (Doc. 1-1, pp. 4-5). Plaintiff has continually requested medical and mental health treatment, but such treatment has been delayed and denied. (Doc. 1-1, p. 4). Plaintiff was never informed about the side effects of his medication. (Doc. 1-1, p. 5). Plaintiff also alleges that his psychotropic medication is causing blindness, and that he is almost 100% blind in his right eye. *Id*.

Shawnee Correctional Center only employs a single eye doctor, even though 1,200 inmates are housed there. (Doc. 1-1, p. 4).

K. Smoot was deliberately indifferent to Plaintiff's serious medical need by failing "to have Plaintiff receive needed medical treatment." (Doc. 1-1, p. 5). Plaintiff has put Smoot on notice of his condition by grievances, and through direct contact. *Id*. Smoot failed to have Plaintiff seen by the eye doctor. *Id*.

Plaintiff experiences headaches to due to his eye condition. (Doc. 1-1, p. 6). His eyewear is outdated and in need of replacement, which causes eye strain and pain. *Id*. Plaintiff has not received pain medication. *Id*. Wilkie has delayed Plaintiff's care by failing to call him for treatment after putting in a sick call request. *Id*. Wilkie also generally refused to provide adequate medical care. *Id*.

Plaintiff further alleges that Wexford has injured him by failing to have an adequate number of optometrists work at Shawnee. (Doc. 1-1, p. 7).

Plaintiff filed grievances to Benton, but she failed to take action and ensure that he was seen by medical staff. (Doc. 1-1, p. 8).

Plaintiff alleges that Brummell held the position of optometrist at Shawnee, and that he took a leave of absence due to injury. (Doc. 1, p. 5). Plaintiff alleges that Brummell should have requested that Wexford provide a full-time replacement while he was on leave. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Smoot, Wilkie, and Benton were deliberately indifferent to the side effects of Plaintiff's psychotropic medication and his need for eye care in violation of the Eighth Amendment;

**Count 2** – Wexford Health Sources has an unconstitutional policy of failing to provide adequate optometrist staffing at Shawnee Correctional Center in violation of the Eighth Amendment.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known

to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff's claims that he suffers from pain, headaches, and diminished vision are adequate to establish that he has a plausible serious medical need at the pleading stages. Furthermore, he has alleged that Defendants knew that this was a side effect of some unnamed medication that Plaintiff is on, but failed adequately treat the symptoms. When Plaintiff brought his need for medical treatment to their attention, they ignored his medical needs. At the pleading stages, this is a viable claim against the Defendants for deliberate indifference.

Plaintiff has also alleged that his medical treatment was delayed because Wexford did not adequately staff Shawnee. Normally, a private corporation is shielded from vicarious liability under § 1983. However, Wexford is presumed to act under color of state law, and is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). To state a claim against a municipality, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources*, *Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). A policy claim can include implicit policies or gaps in explicit policies. *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016).

Plaintiff has alleged that Wexford had a policy or practice of understaffing Shawnee by only providing 1 optometrist for an inmate population of 1,200 to 1,800. Plaintiff further alleges that as a result of this policy, he has been denied treatment for his eyes, causing him to lose

5

vision. These allegations make a plausible claim against Wexford, and **Count 2** will be permitted to proceed against them.

But Dennison and Brummell must be dismissed at this time. Plaintiff has not made any allegations against Dennison in his statement of claim. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

To the extent that Plaintiff is trying to state a claim against Dennison as the warden, that claim also fails. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-*

6

*Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  Accordingly, Dennison will be dismissed without prejudice in his individual capacity.  Dennison remains a Defendant in his official capacity for the purposes of Plaintiff's request for injunctive relief.

Finally, Plaintiff's allegations against Brummell are inadequate to suggest deliberate indifference.  Plaintiff has alleged that Brummell was actually the optometrist at Shawnee, but that he was not working during the relevant time period because he was on leave due to injury.  In Plaintiff's mind, this somehow makes Brummell responsible because Plaintiff believes that Brummell should have done more to make sure his responsibilities were covered in his absence.  This is speculation, and an inadequate statement of personal involvement.  Plaintiff has not alleged that Brummel was involved in his care.  He has not alleged that Brummel was aware that there was a risk that Plaintiff would go without medical treatment and was deliberately indifferent to that risk.  He has not alleged that Brummel had any authority over Wexford staffing decisions.  In the absence of such allegations, Plaintiff has failed to alleged personal involvement, and Brummel will be dismissed from this suit without prejudice.

### Pending Motion

Plaintiff's Motion for a Preliminary Injunction and Motion for Recruitment of Counsel are referred to a United States Magistrate Judge for prompt disposition.  (Doc. 2) (Doc. 4).

### Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review against Defendants Wilkie, Smoot, Benton, and Wexford.  Dennison and Brummel are **DISMISSED without prejudice** for failure to allege personal involvement, although Dennison remains a Defendant in his official capacity only for purposes of injunctive relief.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Dennison, Wexford, Wilkie, Smoot, and Benton: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 31, 2018**

<u>s/ MICHAEL J. REAGAN</u>
**U.S. Chief District Judge**