# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TIMOTHY MCCULLOUGH, SR., | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 18-CV-1427-SMY-MAB |
| JEFFERY DENNISON, WEXFORD HEALTH SOURCE, ETHAN WILKE, KAREN SMOOT, and SHERRY BENTON, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mark Beatty (Doc. 59), recommending that Defendant Wilke's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies be denied in part and granted in part (Doc. 37), that Defendants[1] Benton, Smoot, and Dennison's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies be denied (Doc. 45), that Plaintiff McCollough's Motion to Strike be denied (Doc. 47), and that McCollough's Motion to Dismiss be construed as a response to the Motions for Summary Judgment (Doc. 55). Plaintiff and Wilke filed timely objections (Docs. 60 and 61). For the following reasons, Judge Beatty's Report and Recommendation is **ADOPTED in its entirety**.

---

[1] The Clerk of Court is DIRECTED to modify the docket sheet to reflect the true spelling of Defendants' names as set forth in the caption of this Order.

**Background**

Plaintiff Timothy McCollough, Sr., an inmate who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings the instant civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff alleges that he has been denied adequate medical and mental health care at Shawnee for progressive vision loss associated with the side effects of psychotropic medication. He also claims Shawnee lacks sufficient medical staff. Following threshold review, Plaintiff was allowed to proceed on the following claims:

> Count 1: Smoot, Wilkie, and Benton were deliberately indifferent to the side effects of Plaintiff's psychotropic medication and his need for eye care in violation of the Eighth Amendment.
>
> Count 2: Wexford Health Sources has an unconstitutional policy of failing to provide adequate optometrist staffing at Shawnee Correctional Center in violation of the Eighth Amendment.

Defendants Ethan Wilke, Sherry Benton, Jeffrey Dennison,[2] and Karen Smoot moved for summary judgment, claiming Plaintiff failed to exhaust his administrative remedies prior to filing suit. Plaintiff responded by filing a "Motion to Dismiss." Plaintiff also filed a Motion to Strike because Assistant Attorney General Clayton J. Ankney was "terminated" as an attorney of record in this matter.

Judge Beatty issued the Report currently before the Court, setting forth the evidence presented by the parties on the issue of exhaustion, the applicable law, the requirements of the administrative process, and his conclusions. Judge Beatty concluded that Plaintiff failed to exhaust his administrative remedies only as to the claim in Count 1 related to psychotropic medication. He also found that Plaintiff's Motion to Strike should be denied. As a result, he recommends that Plaintiff's claim that Defendants were deliberately indifferent to the side effects of his

---
[2] Dennison is sued in his official capacity only for purposes of injunctive relief.

psychotropic medications asserted against Defendants Ethan Wilke, Sherry Benton, Jeffrey Dennison, and Karen Smoot be dismissed without prejudice.

**Discussion**

Because timely objections were filed, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

For his objection, Defendant Wilke contends he was not placed on notice by McCullough's grievance of the claims against him because he was not named in the grievance. Thus, he argues that Judge Beatty failed to properly apply § 504.810(b) of the Illinois Administrative Code which requires an inmate to name persons in his grievance.

In his objection, Plaintiff generally reiterates the arguments made in his previous filings. Specifically, he claims his sick call requests should have alerted Defendants to his claims, that the claims made in his grievance were overlooked by prison officials – especially as to his claims about the psychotropic medication, and that he is entitled to a jury trial.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that inmates file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). The relevant rule states that

"[t]he grievance shall contain factual detail regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." Ill. Admin. Code Tit. 20, § 504.810(c). Grievances are not meant to mirror complaints filed in federal court nor is a plaintiff required to set forth every theory of relief that he may present in a complaint or to identify every defendant later sued. *See Jones v. Bock*, 549 U.S. 199, 219 (2007). However, grievances should provide the prison with "a fair opportunity to address his complaint." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Contrary to Plaintiff's assertion, he is not entitled to a "jury trial" on the issue of exhaustion of administrative remedies. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Rather, the Court may hold an evidentiary hearing to resolve any relevant factual disputes. *Id*. at 742. Judge Beatty implicitly found that there were no relevant factual disputes and that a hearing was not necessary. Plaintiff has not shown that he suffered any prejudice because a hearing was not held as there are no facts in dispute that would require a hearing.

Moreover, Plaintiff cannot rely on "sick call slips" or other letters and verbal communications to show that he exhausted his administrative remedies. His January 30, 2018 grievance only discusses his eyecare; there is no mention of his psychotropic medication or the side-effects that have resulted.

Plaintiff's objections as to the recommendation that his Motion to Strike be denied is wholly without merit. Because the Order granting substitution of counsel states that former Assistant Attorney General Ankney is "terminated" (Doc. 35), Plaintiff is under the mistaken assumption that he was removed from this case because of malfeasance. The word does not have a negative connotation and it is used merely to indicate that an attorney is no longer assigned to a

case.  As Judge Beatty pointed out, the reassignment of attorneys within the Illinois Attorney General's office is routine and commonplace.

The Court find's Wilke's objection, arguing that the grievance was insufficient to place him on notice of the claims against him and that the first time he became aware of Plaintiff's claims was when the complaint was filed on July 23, 2018, to be disingenuous because Wilke received notice of Plaintiff's grievance when he was asked about it by the grievance officer at some point prior to March 20, 2018.  Further, given his response regarding when Plaintiff was seen by the optometrist and when he would be seen next, he is obviously one of the optometrist's staff that Plaintiff states in his grievance is failing to assist him.  *See* Doc. 46-1, p. 1 ("I inmate Timothy McCullough . . . have submitted requests to the optometrist and have not been seen or scheduled to have my eyes examined, nor given any form of response from the optometrist, **nor his or her staff** in regards to my eyes . . . ." (emphasis added)).  Plaintiff's failure to list Wilke's name in the body of the grievance did not prevent the institution from considering the grievance on the merits.  Therefore, the grievance served its function of placing the institution on notice of the claims set forth in the grievance.

After thoroughly reviewing the record before it, the Court finds that Plaintiff failed to exhaust his administrative remedies only with respect to the claim that Defendants were deliberately indifferent to the side effects of his psychotropic medications. Accordingly, Defendant Wilke's Motion for Summary Judgment is **DENIED** (Doc. 37), Defendant's Dennison, Smoots, and Benton's Motion for Summary Judgment (Doc. 45) is **GRANTED in part and DENIED in part**, Plaintiff's Motion to Strike is **DENIED** (Doc. 47), and Plaintiff's Motion to Dismiss is construed as a response to the Motions for Summary Judgment and terminated accordingly.   The claim in Count 1 that Defendants were deliberately indifferent to the side-effects of Plaintiff's

psychotropic medication is **DISMISSED without prejudice** for failure to exhaust administrative remedies. The following claims remain in this lawsuit:

> Count 1: Smoot, Wilkie, and Benton were deliberately indifferent Plaintiff's need for eye care in violation of the Eighth Amendment.
>
> Count 2: Wexford Health Sources has an unconstitutional policy of failing to provide adequate optometrist staffing at Shawnee Correctional Center in violation of the Eighth Amendment.

**IT IS SO ORDERED.**

**DATED: September 27, 2019**

                                    **STACI M. YANDLE**
                                    **United States District Judge**