IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY MCCULLOUGH, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-CV-1427-SMY |
| ) | |
| JEFFERY DENNISON, WEXFORD ) | |
| HEALTH SOURCES, ETHAN WILKE, ) | |
| KAREN SMOOT, and SHERRY ) | |
| BENTON, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Timothy McCullough, Sr. is an inmate currently incarcerated at the Shawnee Correctional Center ("Shawnee"). He filed the instant lawsuit pursuant to 42 U.S.C. § 1983, claiming Defendants were deliberately indifferent to his serious health needs by failing to adequately treat mental and physical ailments (Doc. 1). Specifically, McCullough alleges that he was prescribed psychotropic medications that have serious side effects including bloody urine, blindness, headaches, and pain. He further alleges that Defendants failed to treat these conditions or that treatment was delayed due to unconstitutional policies. As it relates to the moving Defendants, McCullough alleges that Ethan Wilke was deliberately indifferent to the side effects of his psychotropic medications and his need for eye care (Count I), and that Wexford Health Sources ("Wexford") maintains an unconstitutional policy of inadequately staffing the optometrist position at Shawnee (Count II).

Now pending before the Court is Wexford's and Wilke's Motion for Summary Judgment (Doc. 72). McCullough filed a response (Doc. 81) to which Defendants replied (Doc. 85). For the

following reasons, the Motion is **GRANTED**.

## Background

The following relevant facts are undisputed: When McCullough transferred to Shawnee on July 24, 2017, he requested evaluation by an optometrist and new eyeglasses (Doc. 73-1. p. 32). On January 30, 2018, he filed a grievance regarding his request, noting that he had not seen an optometrist, that he was losing eyesight, and that he was suffering adverse health effects from not being able to see well (Doc. 73-2, pp. 3-4). A grievance officer reviewed the grievance and stated as part of the response:

> Per E. Wilke – D.O.N. Inmate McCullough was last seen by the Optometrist at Hill Correctional Center 08/04/2015 where he was ordered glasses and to follow up as needed. McCullough was issued glasses 09/18/2015. We have a request slip dated 09/16/2017 requesting new glasses. We currently have him flagged as a priority to see the Optometrist (Doc. 73-2, p. 2).

Wilke is a registered nurse and during the relevant time-period, was the director of nursing at Shawnee (Doc. 73-3, p. 1, ¶¶ 2-3). He did not treat or otherwise evaluate McCullough's medical condition and McCullough had no actual interaction with Wilke (Doc. 73-1, p. 31).[1] Wilke is not responsible for scheduling or monitoring the staffing of optometrists (Doc. 73-3, p. 2, ¶ 7).

## Discussion

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

---

[1] McCullough was examined by an optometrist on April 21, 2018 (Doc. 81-3, p. 3) and again on May 19, 2018 (Doc. 81-3, p. 4). He received glasses on May 29, 2018 (Doc. 81-3, p. 5). He then underwent a "laser/YAG Iridotomey" of both eyes to treat glaucoma (Doc. 81-3, pp. 21-22). He was subsequently evaluated by an optometrist on June 22, 2020 (Doc. 81-4, p. 12).

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To prevail on a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Defendants do not dispute that McCullough suffered from a serious medical condition.

The subjective element requires proof that the defendant knew of but disregarded the risk of an inmate's medical condition. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A medical professional's response to an inmate's medical needs violates the Eighth Amendment when "no minimally competent professional would have so responded under those circumstances." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (quotation marks and citation omitted).

Here, no jury could reasonably conclude that Wilke was deliberately indifferent to McCullough's medical needs. Wilke had no interaction with McCullough prior to reviewing his January 2018 grievance. He responded that McCullough was on the list to see an optometrist. Wilke did not ignore McCullough's complaints; there is no evidence that he disregarded any risk. McCullough nonetheless argues that Wilke was responsible as an administrator for scheduling inmates and ensuring that they are treated. However, Wilke cannot be held vicariously liable for the treatment or lack of treatment of others and there is no evidence that he was personally involved in any treatment or scheduling decisions. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017);

*Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Finally, to the extent that McCullough alleges that Wilke delayed treatment, there is no evidence that any delay in treatment was the result of Wilke's actions or that any delay resulted in any adverse consequence. *Petties v. Carter*, 836 F.3d 722, 730-1 (7th Cir. 2016) ("To show that a delay in providing treatment is actionable under the Eighth Amendment, a plaintiff must also provide independent evidence that the delay exacerbated the injury or unnecessarily prolonged pain.").

McCullough's claim that Wexford employed an unconstitutional policy of understaffing the optometrist position also fails as a matter of law. In order to prevail on this claim, McCullough must provide evidence that Wexford acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (quoting *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). McCullough has presented no evidence that Wexford has a policy, written or otherwise, of understaffing the optometrist position. He merely offers conjecture unsupported by admissible evidence (i.e. based on overheard comments from other inmates and doctors) that there is only one optometrist who comes to Shawnee once or twice a week to treat and evaluate over a thousand inmates at that institution. Summary judgment cannot be defeated by relying on inferences based on speculation and conjecture. *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Moreover, evidence that there may have been a single delay in the treatment that McCullough received, in-and-of-itself, is insufficient to demonstrate that there is an unconstitutional policy that was the driving force behind a constitutional violation. *Grieveson*, 538 F.3d. 763, 774 (7th Cir. 2008) (noting that while an inmate's personal experience of repeated actions may be sufficient to establish an unconstitutional policy, "what is needed is evidence that

there is a true municipal [or corporate] policy at issue, not a random event." (quotations omitted)); *see also Palmer v. Marion Cty.*, 327 F.3d 588, 596 (7th Cir. 2003) ("proof of isolated acts of misconduct will not suffice; a series of violations must be presented to lay the premise of deliberate indifference"); *Cornfield v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316, 1326 (7th Cir. 1993) (requiring "a pattern or a series of incidents of unconstitutional conduct").

McCullough also suggests that Wexford failed to follow its own policies regarding urgent care. Again, there is no evidence that any person mis-applied Wexford's written policies, and any alleged failure to apply its policies to McCullough alone is not sufficient evidence of a widespread practice of violating prisoners' constitutional rights.

## Conclusion

For the above reasons, Defendants Wexford's and Wilke's Motion for Summary Judgment (Doc. 72) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the conclusion of the case.

**IT IS SO ORDERED.**

**DATED: August 5, 2021**

**STACI M. YANDLE**
**United States District Judge**